IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

OSMAN SANKOH,

Defendant.

CRIMINAL ACTION
NO. 08-33

## OPINION

**Slomsky, J.**                                                    **February 7, 2024**

## I.      INTRODUCTION

Before the Court is Defendant Osman Sankoh's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 63.) On May 20, 2008, pursuant to a guilty plea agreement, Defendant Sankoh ("Defendant") pled guilty to (1) two counts of carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2, and (2) two counts of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. (See Doc. No. 24.) On January 14, 2010, the Court[1] sentenced Defendant to a term of imprisonment of 132 months and five years supervised release. (Doc. No. 67 at 1-2.)

Part of Defendant's sentence was based upon his conviction for violating 18 U.S.C. § 924(c)(1)(A) which requires the imposition of a mandatory minimum sentence upon a defendant who uses or carries a firearm during or in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined in two subsections of 18 U.S.C.

---

[1] On September 24, 2021, this case was transferred from the Honorable Jan E. Dubois to the Honorable Joel H. Slomsky. (Doc. No. 66.)

§ 924(c)(3)(A)-(B) that are referred to as: (A) the "elements" clause and (B) the "residual" clause.

Id. § 924(c)(3)(A)-(B).  § 924(c)(3) states in relevant part:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

See id.

In 2019, the United States Supreme Court held that § 924(c)(3)(B) −the "residual" clause− was unconstitutionally vague.  See United States v. Davis, 139 S. Ct. 2319, 2336 (2019). Following Davis, a sentence under Section 924(c)(1)(A) must come within § 924(c)(3)(A)−the "elements" clause−to be constitutional.  See id.  Here, because the "residual" clause is unconstitutional, the only remaining issue is whether Defendant's predicate crime of carjacking and aiding and abetting the carjacking, in violation of 28 U.S.C. §§ 2119 and 2, is a "crime of violence" under § 924(c)(3)(A), the "elements" clause.  The Court finds that it is.  Thus, for this reason and those that follow, Defendant's Motion to Vacate, Set Aside, or Correct the Sentence (Doc. No. 63) will be denied and a certificate of appealability will not issue.

## II.    BACKGROUND

In August and September 2007, Defendant carjacked multiple vehicles in and around Philadelphia. (Doc. Nos. 8, 24.)  On January 17, 2008, Defendant was indicted by a grand jury for carjacking, using and carrying a firearm during a crime of violence, and aiding and abetting both offenses.  (See Doc. No. 8.)  On May 20, 2008, Defendant pled guilty to (1) two counts of carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2, and (2) two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting,

in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  (See Doc. No. 24.)  On January 14, 2010, the Court sentenced Defendant to 132 months imprisonment followed by five years supervised release. (Doc. No. 67 at 1-2.)  The sentence of imprisonment consisted of 36 months on the carjacking counts to be served concurrently (One and Three), an 84 months consecutive sentence on the first § 924(c)(1(A) count (Two), and a 12 month consecutive sentence on the second § 924(c)(1)(A) count (Four), for a total sentence of 132 months on Counts One to Four.  (Doc. No. 55.)

On June 17, 2016, Defendant filed the instant § 2255 Motion.  (Doc. No. 63.)  In the Motion, Defendant first argues that the United States Supreme Court's decision in United States v. Johnson, 576 U.S. 591, 606 (2015) rendered his sentence under § 924(c)(1)(A) unconstitutional. (Id. at 1.)  In Johnson, the United States Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.  (See id.)  In Defendant's Motion, he argues that the reasoning in Johnson also would apply to the "residual" clause of § 924(c)(3)(B).  (Id. at 2-3.)  Subsequently, the United States Supreme Court held in United States v. Davis that the "residual" clause of § 924(c)(3)(B) also was unconstitutionally vague.  Davis, 139 S. Ct. at 2336 (2019).  Therefore, the "residual" clause cannot be the basis of a violation of § 924(c)(1)(A).  (See Doc. No. 63 at 1.)  Only the "elements" clause remains in issue in this case.

In his Motion, Defendant first contends that his carjacking offense does not fall under the "elements" clause of § 924(c)(3)(A).  (Id. at 4-5.)  Defendant next argues in his Motion that it is timely filed under 28 U.S.C. § 2255(f)(3), which provides for a one-year period of limitation running from "the date on which the right . . . asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  (Id.)  Defendant argues that he filed his § 2255 Motion within a year of the Johnson decision, so his Motion was timely filed.  (See id.)  Finally, Defendant

argues that <u>Johnson</u> is retroactive to cases on collateral review in light of the United States Supreme Court's holding in <u>Welch v. United States</u>, 578 U.S. 120, 135 (2016).  (<u>Id.</u> at 6.)

In response, the Government submits that Defendant's predicate crime of carjacking is a crime of violence under § 924(c)(3)(A)'s "elements" clause, not the "residual" clause.  (Doc. No. 67 at 2.)  The Government argues that carjacking necessarily requires an element of "force and violence . . . or intimidation."  (<u>Id.</u> at 3.)  Further, the Government notes that "unanimous case law conclusively establishes that carjacking is categorically a crime of violence under § 924(c)'s 'elements' clause."  (<u>Id.</u> at. 5.)  As noted, the Court agrees, and for reasons that follow, the Court will deny the § 2255 Motion.[2]

### III.   STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).  § 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  § 2255(b) provides the procedure for reviewing the motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the

---

[2] Because carjacking and aiding and abetting are so clearly "crimes of violence" under the "elements clause," the Government did not respond to Defendant's remaining argument on whether the § 2255 Motion was timely filed.  In any event, the Court will discuss this argument.

> court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. See United States v. Vaughn, 704 F. App'x 207, 211 (3d Cir. 2017); Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, a court must decide whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 909 F.2d 39, 41–42 (3d Cir. 1992)); see also United States v. Arrington, 13 F.4th 331 (3d Cir. 2021); Forte, 865 F.2d at 62.

## IV.    ANALYSIS

As previously noted, Defendant argues that (1) his Motion is timely, (2) the Johnson decision is retroactive as applied to his collateral appeal, and (3) his sentence should be vacated because, after Johnson and its progeny, his predicate crime of carjacking, which would encompass aiding and abetting carjacking, under §§ 2119 and 2 are not "crimes of violence" within the "elements" clause of § 924(c)(3)(A). (Doc. No. 63 at 1-8.) The Court will address Defendant's arguments in turn.

**A.  Defendant's Motion is Timely Filed**

First, Defendant's Motion is timely filed.  Defendant filed his Motion pursuant to 28 U.S.C. § 2255.  § 2255(f)(3) provides that a one-year period of limitation applies to § 2255 motions running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Here, Johnson was decided by the United States Supreme Court on June 26, 2015.  See Johnson, 576 U.S. 591 (2015).  Defendant filed his § 2255 Motion on June 17, 2016.  (See Doc. No. 63.)  The Third Circuit Court of Appeals has held that § 2255 motions challenging the "residual" clause of § 924(c)(3)(B) are timely filed if they are filed within one year of the Supreme Court's Johnson decision.  See United States v. Collazo, 856 F. App'x 380, 383 (3d Cir. 2021).  Since Defendant is using Johnson also to challenge his § 924(c)(1)(A) conviction under the "elements" clause, the Court will liberally construe this challenge and hold it is timely too.  Therefore, Defendant's Motion is timely filed under 28 U.S.C. § 2255(f)(3).

**B.  Johnson and Davis apply Retroactively to Defendant's Case on Collateral Review**

In Johnson, the Supreme Court held that the "residual" clause of the ACCA was unconstitutionally vague.  576 U.S. 591, 606 (2015).  Subsequently, the Court held that Johnson applies retroactively to cases on a collateral appeal.  Welch, 578 U.S. at 135 ("Johnson announced a substantive rule that has retroactive effect in cases on collateral review.").

Thereafter, applying the reasoning in Johnson to a nearly identical "residual" clause found in § 924(c)(3)(B), the United States Supreme Court held that the "residual" clause of § 924(c)(3)(B) was also unconstitutionally vague.  Davis, 139 S. Ct. at 2336.  The Third Circuit Court of Appeals and other circuit courts have held that Davis too applies retroactively on

6

collateral review of sentences under the "residual" clause of § 924(c)(3)(B).  United States v. Jordan, 88 F.4th 435, 440 (3d Cir. 2023); see also In re Thomas, 988 F.3d 783, 790 (4th Cir. 2021) (holding that Davis is a substantive rule which has retroactive effect in cases on collateral review); In re Hammoud, 931 F.3d 1032, 1038 (11th Cir. 2019) (also holding that Davis also has retroactive effect).

**C.  The Predicate Crime of Carjacking and Aiding and Abetting Carjacking are Crimes of Violence under the Elements Clause of Section 924(c)(3)(A).**

Defendant argues that his predicate crime of carjacking, which would encompass aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2119 and 2 are not "crimes of violence" under Section 924(c)(3)(A)'s "elements" clause.  (Doc. No. 63 at 4-5.)  Defendant's argument, however, is unavailing.

Under 18 U.S.C. § 924(c)(A)(1), a defendant who during and in relation to a crime of violence "uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . ." be subject to a mandatory minimum punishment of five years in prison.[3]  18 U.S.C. § 924(c)(1)(A).  As noted earlier, the statute defines a "crime of violence" in two subsections: (A) the "elements" clause, and (B) the "residual" clause.  Id. § 924(c)(3)(A)-(B).  Section 924(c)(3) provides:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[3] Under 18 U.S.C. § 924(c), the mandatory minimum punishment rises to seven (7) years if the defendant brandished a firearm, and ten (10) years if the firearm was discharged.  See 18 U.S.C. § 924(c)(1)(A)(ii)-(iii).

<u>See id.</u>  As noted, in <u>Davis</u>, the Supreme Court held that § 924(c)(3)(B), the "residual" clause, was unconstitutionally vague.  139 S. Ct. at 2336.  As a result, the "residual" clause of § 924(c)(3)(B) may no longer be a predicate "crime of violence."  <u>See id.</u>  Therefore, the predicate crime must fall under the "elements" clause of § 924(c)(3)(A) to sustain a § 924(c)(1)(A) conviction.  <u>See id.</u>

The Third Circuit has held that carjacking in violation of 18 U.S.C. § 2119[4] is a "crime of violence" under the "elements" clause of § 924(c)(3)(A).  <u>See</u> <u>United States v. Smith</u>, No. CV 19-2257, 2021 WL 2135947, at *1 (3d Cir. 2021).  In denying a certificate of appealability, the Third Circuit stated that "reasonable jurists would not debate the conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause."  <u>Id.</u> And every other court of appeals to consider the matter has agreed that carjacking in violation of § 2119 is categorically a "crime of violence" under the "elements" clause of § 924(c)(3)(A).  <u>See</u> <u>United States v. Felder</u>, 993 F.3d 57, 80 (2d Cir. 2021) (holding that federal carjacking is a crime of violence under the "elements" clause of § 924(C)(3)(A)); <u>Estell v. United States</u>, 924 F.3d 1291, 1293 (8th Cir. 2019) (same);  <u>United States v. Jackson</u>, 918 F.3d 467, 485-86 (6th Cir. 2019) (same); <u>United States v. Cruz-Rivera</u>, 904 F.3d 63, 66 (1st Cir. 2018) (same); <u>United States v.</u>

---

[4] 18 U.S.C. § 2119 states:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

Evans, 848 F.3d 242, 246-48 (4th Cir. 2017) (same), In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016) (same).

Additionally, "aiding and abetting" the predicate crime of carjacking is also a "crime of violence" under the "elements" clause of § 924(c)(3)(A).  See United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019).  In McKelvey, the defendant appealed his conviction under § 924(c)(1)(A) because "he was at most, a co-conspirator or an aider and abettor to the [predicate crime]."  Id. at 74.  In affirming the judgment of the district court, the Third Circuit noted

> [i]t does not matter whether [the defendant] was convicted as a principal or as an aider and abetter . . .  because, under the aiding and abetting statute, a person who 'aids, abets, [or] counsels' the commission of a federal offense 'is punishable as a principal.' Aiding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.' His conviction for aiding and abetting is therefore treated as a conviction for the crime.

Id. at 75. Thus, the Third Circuit held that the defendant's conviction for aiding and abetting the predicate crime of carjacking qualified as a "crime of violence" under Section 924(c)(1)(A).  Id.

Here, Defendant's predicate crime of aiding and abetting a carjacking constitutes a "crime of violence" under § 924(c)(3)(A)'s "elements" clause.  See Smith, 2021 WL 2135947, at *1; see also McKelvey, 773 Fed. App'x at 75.  Defendant pled guilty to using and carrying a firearm during and in relation to a crime of violence—carjacking and the aiding and abetting of a carjacking.  (See Doc. No. 24.)  In the instant Motion, he seeks to vacate or set aside his sentence on the premise that his conviction was based on the now unconstitutionally vague "residual" clause in § 924(c)(3)(B).  (See Doc. No. 63.)  But as the Third Circuit held in Smith and McKelvey, carjacking and aiding and abetting carjacking, in violation of §§ 2119 and 2 are categorically "crimes of violence" under the "elements" clause of § 924(c)(3)(A).

Thus, because the predicate crime upon which Defendant's § 924(c)(1)(A) conviction is based is a "crime of violence" under the "elements" clause of § 924(c)(3)(A), Defendant's Motion to Vacate, Set Aside, or Correct the Sentence Under 28 U.S.C. § 2255 will be denied

## V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct the Sentence under § 2255 (Doc. No. 63) will be denied. Because the Motion shows conclusively that Defendant is not entitled to relief, no evidentiary hearing will be set and no certificate of appealability will issue.  An appropriate Order follows.